# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HENRY FAINT,**

      **Plaintiff,**

v.                                                                **Case No: 6:23-cv-51-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Unopposed Consent Motion for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "Motion") (Doc. 29), filed July 6, 2023. Therein, Plaintiff seeks an award of attorney's fees amounting to $4,816.48, pursuant to the pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), as well as costs in the amount of $402.00. Upon consideration, the Motion is due to be granted in part, as set forth herein.

**I.  BACKGROUND**

Plaintiff instituted this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"), who denied Plaintiff Social Security benefits. (Doc. 1.) After Plaintiff filed his memorandum as to why this case should be remanded (Doc. 23), the Commissioner agreed to an Unopposed Motion for Entry of Judgment with Remand, pursuant to § 405(g). (Doc. 26.) The undersigned then granted the Unopposed Motion,

reversed the final decision of the Commissioner, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 27.) The Clerk then entered judgment in favor of Plaintiff on June 29, 2023. (Doc. 28.)

Thereafter, Plaintiff filed the Motion, requesting $4,816.48 in attorney's fees. (Doc. 29.) The Motion includes a schedule of Plaintiff's attorney's billable hours to support the application. (*Id.* at 2.) Plaintiff also attached an Affidavit and Assignment of Fee, which requests that the EAJA fees be made payable to his counsel, so long as the United States Department of Treasury determines that Plaintiff does not owe a federal debt. (Doc. 29-1.)

## II.   DISCUSSION

### A. Eligibility for an Award of Fees

In ruling on a request for fees pursuant to the EAJA, a court must determine whether: (1) the requesting party is eligible for fees; and (2) the amount of requested fees is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A claimant is eligible for an attorney's fee award where: (1) the claimant is the prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances that would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)).

A social security plaintiff is deemed to have prevailed against the United States if the court orders a "sentence four"[1] remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The application for attorney's fees is timely if it is made within thirty days of the final judgment in the action; however, premature requests are also deemed timely. 28 U.S.C. § 2412(d)(1)(B); *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). The deadline begins to "run[] from the end of the period for appeal," which is sixty days for the Commissioner. *Shalala*, 509 U.S. at 303; Fed. R. App. P. 4(a)(1)(B)(iii) (stating that in a civil case where one of the parties is a United States officer or employee sued in an official capacity, any party may file a notice of appeal within 60 days after entry of the judgment). The request must contain an allegation that the Commissioner's position was not substantially justified. *Jean*, 496 U.S. at 160.

As with any petition for fees, the Court must always apply its own expertise and judgment, regardless of whether the requested fee amount is contested. *Winkler v. Cach, LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012). An EAJA award is to the party and therefore subject to an offset to satisfy any preexisting debt that the party owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

---

[1] A "sentence-four" remand refers to the fourth sentence of 42 U.S.C. § 405(g). Sentence four authorizes the Court to enter a "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

Plaintiff has satisfied the five requirements that determine a claimant's eligibility for attorney's fees pursuant to the EAJA. Plaintiff is deemed to have prevailed since the Court entered a sentence four remand. (Doc. 27.) The request for fees was timely since it was filed within ninety days of the Clerk's entry of judgment. (Docs. 28, 29.) Additionally, Plaintiff avers that his net worth is less than two million dollars at the filing of the Complaint and that the Commissioner's position was not substantially justified. (Docs. 29 at 4; 29-1.) Further, the Court is not aware of any special circumstances that would make an award of fees unjust. Since Plaintiff is eligible for an award of fees, the remaining issue is whether the requested amount of fees is reasonable.

B. **Reasonableness of the Fee**

EAJA fees are determined by using the "lodestar" method—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990). The EAJA requires that the amount of attorney's fees be "reasonable," which is determined by the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The party requesting fees has the burden of demonstrating the reasonableness of the fee and the number of hours expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d 1562,

1568 (11th Cir. 1985). The requesting party may also include the number of hours it took to prepare the EAJA request in its request for fees. *Jean*, 863 F.2d at 779–80.

Courts use a two-step analysis when determining the appropriate hourly rate under the EAJA. *Meyer v. Sullivan*, 958 F. 2d 1029, 1034 (11th Cir. 1992). First, a court determines the market rate for similar services provided by lawyers of "comparable skill, experience, and reputation" in the area. *Id.* Second, the court evaluates the cost of living increase, specifically at the time the work was performed and not at the time when the motion was filed. *Id.*; *see also Bey v. Comm'r of Soc. Sec.*, No. 3:18-CV-319-J-PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019) (citing *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997)). The court is considered an "expert" on reasonable rates and may use its independent judgment in evaluating whether the hourly rate is reasonable. *Norman*, 836 F.2d at 1304 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-CV-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District routinely calculate cost of living adjustments under the EAJA using the United States Department of Labor's Consumer Price Index ("CPI"). *See Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-cv-2249-T-30MAP, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009).

Plaintiff's attorney expended 20.5 hours in this case in 2023. (Doc. 29 at 2.) After reviewing a description of the activities performed in relation to this matter, the Court determines that 20.5 hours is reasonable in this case. The majority of the time

was spent preparing Plaintiff's memorandum in opposition. (*Id.*) None of the other activities listed appear to be clerical, secretarial, or excludable as unnecessary.

With regard to the hourly rate, Plaintiff is requesting an award of $234.95 per hour for work performed in 2023. (Doc. 29 at 1.) However, the rate proposed by Plaintiff is less than the EAJA amount to which he is entitled. Based on the Court's knowledge, the market rate for similar services provided by lawyers of comparable skill, experience and reputation in the Orlando area exceeds $125 per hour.[2] Additionally, an increase in the cost of living from 1996, when the statutory rate was established, to when Plaintiff's counsel performed work on this case justifies an upward adjustment from $125. According to the United States Department of Labor, the 1996 average CPI for all urban consumers in the Southern region was 153.6, and in 2023 it was 294.012.[3] Accordingly, the adjusted hourly rate should be $239.27 for 2023. Thus, the amount of attorney's fees Plaintiff's counsel is actually entitled to is **$4,905.04**.

### C. Costs

Plaintiff also seeks to recover $402 in costs for the filing fee to initiate this action. (Doc. 29 at 6.) Federal Rule of Civil Procedure 54(d)(1) allows for costs against the United States, its officers, and its agencies to be imposed to the extent allowed by law. The undersigned finds the request for costs is compensable under 28 U.S.C.

---

[2] Plaintiff is represented by David B. Goetz. Mr. Goetz has made numerous appearances in social security cases before this Court.
[3] The Court calculated the CPI for 2023 by taking an average of the CPI from January 2023 to June 2023, which is the most recent month for which data is available.

§ 2412(a)(1) (permitting an award of costs to the prevailing party in a civil suit against a United States official).

### III. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Unopposed Consent Motion for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. 29) is **GRANTED IN PART**, as set forth herein.

2. Plaintiff is entitled to an award of attorney's fees in the amount of **$4,905.04** and costs in the amount of **$402.00.**

**DONE** and **ORDERED** in Orlando, Florida on July 31, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE